UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60067-SINGHAL
CASE NO.  21-6136-HUNT

UNITED STATES OF AMERICA,

       Plaintiff,

v.

PAUL NICHOLAS MILLER,

       Defendant.
_____

## DETENTION ORDER

       Pursuant to 18 U.S.C. § 3142(f), on March 10, 2021, a hearing was held to determine whether the Defendant Paul Miller should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, it is hereby ordered that the Defendant Paul Miller be detained prior to trial and until the conclusion thereof.

       In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

       1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.** Defendant is charged by way of indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and by criminal complaint with possession of

ammunition by a convicted felon and possession of an unregistered short-barreled rifle, in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. §§ 5841 and 5861(d).  Each of the charges carries a maximum penalty of ten (10) years' imprisonment.  The Government proceeded on risk of flight and danger to the community.  The charged offenses involve possession of a firearm and are therefore appropriate charges for a detention request. 18 U.S.C. § 3142(f)(1)(E).  There is, however, no rebuttable presumption.  18 U.S.C. § 3142(e)(3).  18 U.S.C. § 3142(g)(1).

2.  **18 U.S.C. § 3142(g)(2) -- Weight of the Evidence**.  The weight of the evidence against this Defendant is strong.  At the hearing, the Government proceeded by way of proffer, with FBI Special Agent Colin Gregory then made available for cross-examination.  The evidence shows that Defendant is a convicted felon and is aware that he is a convicted felon based upon documents and plea transcripts from his prior convictions, as well as a signed probation document specifically advising him that he would not be permitted to possess firearms.  He was indicted for possession of a firearm in January 2018, based on his possession and use of a firearm at a shooting range in connection with his application for a concealed weapons permit.  He was denied the permit because he is a convicted felon, and he was advised of the reason for the denial. Law enforcement arrested Defendant on the indictment on March 2, 2021.  At the time of his arrest, officers executed a federal search warrant of Defendant's home, where he was the only resident.  They located hundreds of rounds of ammunition, including 9mm and .223 caliber rounds; several magazines, some loaded and some unloaded; a tactical vest; and a combat knife.  They also located, concealed in a dryer, a lower receiver for a rifle

attached to a collapsible rifle stock, disassembled from an upper receiver with a 10.5-inch barrel.[1] These component parts had no manufacturer markings or serial numbers. According to an ATF expert, these parts, when assembled, constitute a short-barrel rifle within the meaning of Title 26. Defendant has no registered firearms in the National Firearms registry. Post-*Miranda*, Defendant stated that he had built the rifle from parts purchased at a gun show, using YouTube tutorials. He also admitted purchasing hundreds of rounds of ammunition. He states that was afraid because he and his family had received threats from Antifa and Black Lives Matter. He also stated that he believed America is on the brink of collapse and he thought firearm manufacturing would be a "good skill to learn." He told police that he thought his record had been expunged and he did not know he was doing anything illegal. He also said the rifle repeatedly jammed and didn't work but acknowledged he had previously fired the rifle at a range. Police recovered one spent .223 caliber casing (the caliber of the rifle) from Defendant's car. The firearm from the 2018 incident and the ammunition were manufactured outside the state of Florida. 18 U.S.C. § 3142(g)(2).

   3. **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.** Paul Miller was born in New York in 1988. He has lived in South Florida for about five months. His parents live in New Jersey. He has five siblings living in Florida, Pennsylvania and New Jersey. He is engaged to his fiancée who resides in Colorado. He received a GED in 2017. His physical health has declined as a result of injuries

---

1. 26 U.S.C. § 5845 lists certain firearms, destructive devices, and other weapons which must be registered in a central registry. These weapons include machineguns, bombs, grenades, silencers and short-barreled shotguns and rifles.

sustained in a car accident in 2015. He reports suffering from anxiety and uses marijuana daily to cope with his anxiety. He has prior convictions for aggravated assault and possession and distribution of controlled substances (heroin and marijuana).

Defendant is a self-employed host of a live stream opinion show on bitwave.tv and telegram, using the name/persona "GypsyCrusader." His broadcasts through this and other media include a long series of graphic threats directed primarily at members of the African-American, Jewish and LGBTQ communities. These include specific threats to lynch, scalp, shoot, kill, gas or beat members of these groups. He has filmed and broadcast himself approaching members of these groups in the streets and harassing and threatening them, purportedly to see their reaction. He has encouraged his social media followers to behave similarly and has called for the hastening of a race-based civil war and the collapse of society.   18 U.S.C. § 3142(g)(3)(A) and (B).

4.   **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the evidence presented, including Defendant's criminal record, the possession and manufacture of an unregistered, easily concealable and untraceable short-barreled rifle, and Defendant's record of harassing and threatening behavior, the undersigned finds that the Government has presented clear and convincing evidence that the Defendant's release would pose a danger to other persons and the community.[2]   18

---

2. The Government also suggests detention is warranted under § 3142(f)(2)(B), as there is a serious risk Defendant will obstruct or attempt to obstruct justice, or threaten or attempt to threaten, injure, or intimidate a prospective witness or juror. This concern is undoubtedly warranted by Defendant's behavior. But the undersigned need not address this issue, as a finding of danger to the community in general under subsection (f)(1)(E) is sufficient to address these concerns.

U.S.C. § 3142(g)(4).    The undersigned does not find Defendant to be a risk of flight and denies the Government's motion in this respect.

5.    Based upon the above findings of fact, which were supported by the appropriate evidentiary standards (clear and convincing for danger to the community), this Court specifically finds that there are no conditions or combination of conditions of release that reasonably will assure the safety of the community.    18 U.S.C. § 3142(e).

This Court hereby directs:

(a)   That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)   That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 12th day of March, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to:    All counsel of record