UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60067-CR-SINGHAL/SNOW(s)

UNITED STATES OF AMERICA

vs.

PAUL NICHOLAS MILLER,

      **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR APPOINTMENT OF MENTAL HEALTH EXPERT FOR CONFIDENTIAL REPORT RE: COMPETENCY AND SANITY**

The government submits this response to Defendant's "Motion for Appointment of Mental Health Expert for Confidential Report Re: Competency and Sanity" (the "Motion"). (DE 16). For the reasons below, the Court should permit a psychologist with the Federal Bureau of Prisons ("BOP") to conduct a competency evaluation pursuant to 18 U.S.C. § 4241 and the procedures set forth in 18 U.S.C. §§ 4247(b) and 4247(c).

## FACTS

On March 18, 2021, a federal grand jury in the Southern District of Florida returned the operative Superseding Indictment charging the Defendant, Paul Nicholas Miller, with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 1), one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 2), and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) (Count 3). (DE 13). Weeks earlier, a grand jury had returned an Indictment against Miller on just the charge now reflected in Count 1 of the Superseding Indictment. (DE 1). Miller was arrested on that Indictment on March 2, 2021, and, a week later, was charged by Criminal

Complaint with the offenses now reflected in Counts 2 and 3 of the Superseding Indictment. *See United States v. Miller*, Case No. 21-6136-MJ-Hunt, DE 1 (S.D. Fla. Mar. 9, 2021).

Miller was cogent and alert during all four hearings thus far: an initial appearance on the Indictment on March 3, 2021 (DE 6), a status conference on March 5, 2021 (DE 10), a consolidated detention and preliminary hearing on the Indictment and Criminal Complaint on March 10, 2021 (DE 11), and an arraignment on the Superseding Indictment and report regarding counsel on March 22, 2021 (DE 15). Miller was represented by temporary counsel during the March 10, 2021 hearing, after which the Court ordered Miller detained pending trial. (DE 12). Miller elected to proceed with the March 10, 2021 hearing after the Court permitted then-counsel time to consult with Miller via Zoom breakout room. During the ensuing proceedings, and in the two earlier hearings in this case, neither Miller nor then-counsel ever mentioned competency or sanity. The absence of any specific discussion of competency or sanity was consistent with the government's multiple conversations with then-counsel. These conversations did touch on mental health given that Miller had informed pretrial services that he was in a car accident five years ago, suffered from depression and anxiety, and had an anxiety attack on March 9, 2021 from which he recovered that evening. The government was not aware, however, of the current claim that Miller could be suffering from a mental disease or defect rendering him incompetent or might be claiming an insanity defense until Miller retained new counsel and filed the Motion following the arraignment on March 22, 2021, requesting a "competency" and "sanity" evaluation.

Miller's current counsel advised the government on March 23, 2021, that the Motion's request for a sanity evaluation was preliminary and was not a formal notice of an insanity defense under Rule 12.2 of the Federal Rules of Criminal Procedure. Defense counsel also explained that

the defense was seeking to explore a possible claim of insanity through the requested evaluation prior to giving formal notice.

## LEGAL FRAMEWORK

Upon motion by a defendant or the government for a hearing to determine the mental competency of the defendant, "[t]he court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). In advance of a competency hearing, the Court may order that "a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b).

Upon motion by the government following formal notice of an insanity defense under Rule 12.2 of the Federal Rules of Criminal Procedure, "the court . . . shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court[.]" 18 U.S.C. § 4242(a).

Examinations are governed by 18 U.S.C. § 4247(b), which provides:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court. . . .

Pursuant to 18 U.S.C. § 4247(c), the report of examination shall "be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government" and must include:

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and-

(A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

## ARGUMENT

Based on counsel's representation in the Motion that "competency" is an issue that must be investigated by the defense, the government requests, and there exists reasonable cause for the Court to order, a competency[1] evaluation followed by a competency hearing. 18 U.S.C. §§ 4241(a), 4241(b). Any examination must be guided by statutory procedures set forth in 18 U.S.C. §§ 4247(b) and 4247(c), with copies of any reports filed with the Court under seal and provided to counsel for both Miller and the government.  18 U.S.C. §§ 4241(b).

The government proposes that in advance of a competency hearing, the Court order Miller to undergo a competency evaluation conducted by the BOP. Pending trial, Miller is in custody at the Broward Main Jail. The BOP has advised that its staff psychologists, including at the Federal Detention Center-Miami ("FDC-Miami"), have continued to perform psychological evaluations during the pandemic. There is no guarantee, however, that the BOP will be able to designate Miller to FDC-Miami for an evaluation; when courts order the BOP to perform psychological evaluations, the BOP designates defendants for evaluation to an available facility based on several factors, which include proximity to the inmate's current location. BOP has also

---

[1] Based on defense counsel's representation to the government on March 23, 2021 that Miller did not intend the Motion as notice of an insanity defense, the government is not requesting that the Court order a sanity evaluation at this time. The government, however, reserves its statutory right to request such an evaluation should Miller ultimately file a notice of insanity defense pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 4242(a).

advised that due to difficulties in administering evaluations during the pandemic, it may need to request an extension on the evaluation deadline pursuant to 18 U.S.C. § 4247(b).

The government also has no objection to the Court ordering a separate psychiatric or psychological evaluation by a licensed professional of Miller's choosing, with the understanding that such an evaluation would be governed by the procedures set forth in 18 U.S.C. §§ 4247(b) and 4247(c). According to the BOP, any non-BOP professionals conducting court-ordered evaluations must contact the facility where the inmate is housed to arrange for a Warden-approved visit. The government does object, however, to the appointment of a certified psychiatrist or psychologist at Court expense without an inquiry into Miller's indigency, as Miller has thus far been able to retain multiple private attorneys.

## CONCLUSION

For the reasons above, the Court should order that Miller undergo a psychological evaluation as to competency pursuant to 18 U.S.C. §§ 4241 and 4247.

## REQUEST FOR HEARING

The government requests a hearing on the Motion to permit the Court to colloquy Miller as to his claimed indigency and to confirm the logistics and contours of the evaluation process.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Kiran N. Bhat
Assistant United States Attorney
Florida Bar No. 1008370
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9103
Email: Kiran.Bhat@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which caused an electronic notification to be sent to all counsel of record.

/s/ Kiran N. Bhat
Kiran N. Bhat
Assistant United States Attorney