UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60067-CR-SINGHAL/SNOW(s)

UNITED STATES OF AMERICA

vs.

PAUL NICHOLAS MILLER,

Defendant.
_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Paul Nicholas Miller (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Counts 1, 2, and 3 of the Superseding Indictment. Counts 1 and 2 charge the Defendant with possession of a firearm by a convicted felon and possession of ammunition by a convicted felon, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 3 charges the Defendant with knowingly possessing an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant acknowledges that as to each of Counts 1 and 2, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of a maximum of three years, and a statutory fine of up to $250,000. The Defendant acknowledges that as to Count 3, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of a maximum of three years, and a statutory fine of up to $10,000. The Defendant also acknowledges that independent of these penalties, the Court may order forfeiture and restitution.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $300, $100 per count, will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court

2

at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense,

3

violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

8. The Defendant also agrees to forfeit any firearm or ammunition involved in or used in the commission of the crimes charged in the Superseding Indictment, pursuant to Title 18, United States Code, Section 924(d)(1). The firearms and ammunition include:

- One (1) short-barreled rifle bearing no serial number;
- One (1) upper receiver bearing no serial number;
- One (1) pistol bearing no serial number; and
- Eight hundred and sixty-three (863) rounds of ammunition in various calibers.

9. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 and 28 U.S.C. § 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, the Defendant shall be released from the above waiver of appellate rights. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

10. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

11. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 06/21/2021     By: _____
KIRAN N. BHAT
ASSISANT UNITED STATES ATTORNEY

Date: 6/16/21     By: _____
MICHAEL B. COHEN
COUNSEL FOR DEFENDANT

Date: 6/16/21     By: _____
PAUL NICHOLAS MILLER
DEFENDANT

6