UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60067-CR-SINGHAL/SNOW(s)

UNITED STATES OF AMERICA

vs.

PAUL NICHOLAS MILLER,

        Defendant.

_____/

## FACTUAL PROFFER

The United States of America and Paul Nicholas Miller (the "Defendant") agree that had this case gone to trial, the United States would have proven beyond a reasonable doubt the following facts, which occurred in the Southern District of Florida and elsewhere.

On January 17, 2018, after traveling from New Jersey to Florida, the Defendant discharged a Glock 19 9-millimeter pistol during a firearms training at a range in Fort Lauderdale, Florida. This pistol was manufactured outside of Florida and had therefore traveled in interstate commerce before the Defendant discharged it. A week after taking the training, the Defendant applied to the Florida Department of Agriculture and Consumer Services, Division of Licensing ("DOL"), for a Florida concealed weapon license. In this application, the Defendant affirmed that he had completed a firearms training and, in support, provided DOL with the certificate of completion he received after taking the firearms training on January 17, 2018. The Defendant also affirmed that he had never been convicted of a felony. Certified 2007 and 2008 court judgments and transcripts showed, however, that before 2018, the Defendant had been found guilty of three felony offenses in New Jersey state court. The Defendant also knew before 2018 that he had been convicted of these felony offenses because, as reflected in court transcripts, he had been advised of the

convictions during court proceedings in New Jersey. DOL denied the Defendant's application in a letter addressed to the Defendant dated February 12, 2018. This letter specifically cited the Defendant's three New Jersey felony convictions as grounds for the denial.

On March 2, 2021, the Defendant was arrested at his residence in Fort Lauderdale, Florida. The Defendant was the only person home at the time and the Defendant's landlord later confirmed that the Defendant was the only person who lived at the residence. When law enforcement arrived at the residence and demanded that the Defendant exit, he emerged briefly before retreating into the house and reemerging soon after to surrender. Immediately after the Defendant surrendered, authorities executed a federal search warrant at the Defendant's residence. Law enforcement found 848 rounds of ammunition located throughout the residence, consisting of 666 rounds of 5.56 x 45 millimeter ammunition, 121 rounds of .223 ammunition, and 61 rounds of 9 millimeter ammunition. All these rounds of ammunition were manufactured outside of Florida and had therefore traveled in interstate commerce before March 2, 2021.

Additionally, amidst clothes inside the Defendant's laundry dryer, law enforcement found a disassembled short-barreled rifle: a lower receiver for an AR-15-style assault rifle, attached to a collapsible rifle stock, and disassembled from an upper receiver featuring a 10.5-inch barrel, next to a magazine loaded with 5.56 x 45 millimeter rifle-caliber ammunition. None of these parts had serial numbers. Law enforcement at the scene determined that the parts could be connected with a minimum of effort to create a rifle having a barrel of less than 16 inches in length, and that the length of the 10.5-inch barrel was perceptibly less than 16 inches. Further, law enforcement searched the National Firearms Registration and Transfer Record and confirmed that the Defendant had not registered any short-barreled rifle as required under the National Firearms Act.

After waiving his *Miranda* rights following his arrest, the Defendant gave a video-recorded statement. During this statement, the Defendant admitted that he had purchased ammunition found inside his residence. The Defendant also admitted that he had built a rifle by purchasing parts and watching YouTube tutorials, had taken the homemade rifle to a range in Florida, and had fired a round before the rifle jammed. The Defendant also acknowledged that he had taken the firearms training on January 17, 2018, had submitted the application for a Florida concealed weapon license to DOL soon afterwards, and had received the letter from DOL denying his application due to his felony convictions. The Defendant also acknowledged that he knew about his 2007 and 2008 New Jersey felony convictions, but that he did not think they mattered with respect to his recent possession of firearms and ammunition because the convictions were from a long time ago in a different state.

These are not the only facts known to the United States in this matter, nor are they all the facts the United States would have presented had this case gone to trial. The parties stipulate that these facts prove Counts 1, 2, and 3 of the superseding indictment beyond a reasonable doubt.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 06/21/2021      By: _____
                          KIRAN N. BHAT
                          ASSISANT UNITED STATES ATTORNEY

Date: 6/16/21         By: _____
                          MICHAEL B. COHEN
                          COUNSEL FOR DEFENDANT

Date: 6/16/21         By: _____
                          PAUL NICHOLAS MILLER
                          DEFENDANT

3