**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-cr-60067-AHS**

UNITED STATES OF AMERICA

        Plaintiff,

v.

PAUL NICHOLAS MILLER,

        Defendant.

_____/

**MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

    Mr. Miller is to be sentenced following his plea of guilty to possession of a firearm by a convicted felon in violation of Title 18 U.S.C. Section 922(g)(1)(a) Count I, possession of ammunition by a convicted felon in violation of Title 18, U.S.C. Section 922(g)(1)(a) (Count II), and possession of an unregistered firearm in violation of Title 18 U.S.C. Section 5861(d) (Count III). We respectfully request, the Court sentence Mr. Miller to a reasonable sentence of 36 months or less which reflects a reasonable downward variance from the low end of his advisory sentencing guideline range. In the PSR, The U.S. Probation Office finds that Mr. Miller's sentencing range is 37 to 46 months (see paragraph 83 PSR). We respectfully submit that a sentence below Mr. Miller's advisory sentencing range would be sufficient but not greater than necessary to accomplish all the purposes of sentencing in light of Mr. Miller's personal history and characteristics, including the fact that Mr. Miller was apparently radicalized by outside influences leading him to believe he needed the weapons he possessed for self defense purposes.

    Moreover, Mr. Miller's father is suffering from a myriad of poor health conditions – his mother has been diagnosed with glioblastoma (an aggressive type of brain cancer) (see paragraph 45 PSR) and his father has recently suffered a heart attack. A reasonable sentence would allow Paul Miller to assist his sick parents considering their physical problems. Finally, Mr. Miller had suffered ongoing pain as a result

1

of an automobile accident and in ring injuries which ended his kick boxing career, necessitating choices which could have contributed to his need to appear online in order to earn a living.

## PERSONAL BACKGROUND

Mr. Miller's personal and family data is set forth on pages 13 through 14 of the PSR (see paragraphs 42-48) Suffice it to say that Mr. Miller's career choices were limited by an accident he suffered in 2015 ending his championship kickboxing career (Plaintiff 50,53 PSR)

## THE OFFENSE

Mr. Miller pled guilty to three gun related offenses. The facts surrounding this misconduct are set forth in paragraphs 6 through 14 of the PSR. These offenses in part were motivated by Mr. Miller's sincere belief that he needed these weapons for self-defense purposes since he and his family had received death threats as a result of his decision to be employed as an independent journalist (see paragraph 12 PSR).

Whether viewing Mr. Miller's conduct as rightly or wrongly justified, Mr. Miller was radicalized as a result of right wing media reports and personal experiences which led to his actions in this case concerning his possession of weapons for self-defense purposes. The defense will seek to admit an audio/video exhibit at the time of sentencing explaining the reasons of the defendant's actions.

## THE PRE-SENTENCE REPORT (PSR)

The US Probation Office found that Mr. Miller's Guidelines imprisonment range was 37 to 46 months, based upon a total offense level of 21 and a criminal History Category of I (see paragraph 83 PSR).

## MR. MILLER'S SENTENCING GUIDELINES CALCULATIONS

As set forth in Mr. Miller's objections, we agree with the US Probation Officer's sentencing guidelines calculation except that we believe Mr. Miller's ultimate sentence should not be based upon the information set forth in paragraphs 62 through 66 of the PSR.

## LETTERS

Attached here as composite Exhibit A are letter(s) received from Mr. Miller's family members, which we ask the Court to review in order to gain a more complete understanding of Mr. Miller's history and characteristics.

## SENTENCING UNDER SECTION 3553

The Court is required to impose a sentence that is "sufficient but not greater than necessary" to achieve, the purposes of sentencing set forth in Title 18, USC§ 3553 (a) (2). Thus, a Sentencing Court is to impose the shortest sentence that achieves the purposes of sentencing.

In determining a sentence, the Court shall consider the factors set forth in section 3553 (a) including:

1. The nature and circumstances of the offense and the history and characteristics of the defendant.
2. The need for the sentence imposed:
    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
    b. To afford adequate deterrence to criminal conduct.
    c. To protect the public from further crimes of the defendant and

    d. To provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

We respectfully submit that a sentence of 36 months or less would be sufficient to accomplish all of these above factors, based upon Mr. Miller's personal history and characteristics, including his believed justifications for possessing firearms were necessary for self-defense purposes.

## THE NATURE OF THE CIRCUMSTANCES

We do not mean to minimize the seriousness of the offense to which Mr. Miller pled guilty. But in view of Mr. Miller's unfortunate radicalization, he believed that the possession of these firearms was necessary for self-defense purposes. Mr. Miller does not in any way justify his actions, but underlying his misdeeds was his personal belief based on death threats he and his family received that he needed weapons to defend himself and his family.

## THE HISTORY AND CHARACTERISTICS OF DEFENDANT

Mr. Miller offense characteristics are set forth in paragraphs 32 through 48 of the PSR.

The Court should note that the defendant's convictions occurred many years ago most of which occurred when he was a teenager.

The defendant's family's physical conditions are precarious. His mother is suffering from a brain tumor and his father from the aftermath of a heart attack.

### THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE, TO AFFORD ADAOUATE DEFERENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

A sentence of 36 months or less given the defendant's family's medical problems described above would be sufficient. The Court should also consider the underlying reasons for the defendant's actions.

Clearly, there must be some form of punishment imposed by the Court, but given the factors set forth above, as well as the defendant's family's health and psychological concerns, a sentence of 36 months or less would be sufficient.

### CONCLUSION

For the foregoing reasons we respectfully submit that a downward variance, to 36 months or less would result in a sentence that is "sufficient but not greater than necessary" to accomplish the statutory purpose of sentencing.

August 13, 2021.

Respectfully submitted,

**Michael B. Cohen**
Michael B. Cohen, Esq.
Florida Bar No: 210196
6400 North Andrews Ave., Ste 505
Fort Lauderdale, Florida 33309
Ph (954) 928-0059
Email: micheal@mcohenlaw.com
Email: eservice@mcohenlaw.com
Respectfully submitted,

# EXHIBIT A



Lynda J Boulio, NP
**Perlmutter Cancer Center**
**Radiation Oncology**
Energy Building
560 First Avenue, 2nd Floor
New York, NY 10016
Phone: 646-501-8900
Fax: 646-501-8904

August 12, 2021

Re: Paul Miller
DOB: 8/11/1988

To Whom It May Concern,

I write this letter to request leniency in the sentencing of Mr. Paul Miller.

Mr. Miller's mother, Diana Costello, is a patient currently under my care. She has been diagnosed with glioblastoma (GBM), which is an aggressive primary brain tumor (WHO Grade IV). Average survival for a patient with GBM is 12-18 months.

Ms. Costello underwent craniotomy with subtotal resection of the tumor, and is currently undergoing daily brain radiation with concurrent chemotherapy. Even with this aggressive treatment, she will not be cured.

Diana is suffering from side effects of the underlying disease and of the treatment itself. Paul has always been a strong support to his mother, and she needs all the love and support she can get right now. Having Paul incarcerated, and not knowing if she will ever see him again, is adding a layer of stress that is only worsening her condition.

Again, I ask that you would be lenient with sentencing, so he can return to care for his mother in New Jersey.

Please feel free to reach out to our office with any questions or concerns.

Sincerely,

*Lynda Boulio, NP*

Lynda J. Boulio, NP