UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-CR-60067-AHS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**PAUL NICHOLAS MILLER,**

    **Defendant.**

_____/

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW, the Defendant, PAUL NICHOLAS MILLER, by and through undersigned counsel, and files this Reply to the Government's Response in Opposition, and states:

#### I. The Government's Position Shifts Without Basis

In its response to Defendant's first request for early termination, the Government argued that denial was warranted because Mr. Miller had not provided sufficient documentation of his role as caretaker for his ailing father. That documentation has now been supplied in the form of an employment verification letter from the New Jersey Public Partnerships – Home Care Program, confirming Mr. Miller's status as a designated caregiver for his father through a state-administered Medicaid waiver program.

Yet, the Government's latest opposition does not even acknowledge this evidence, much less refute it. Instead, it pivots to an entirely unrelated discussion of Mr. Miller's entertainment pursuits and his work as a comedian. This shift in position highlights the weakness of its opposition: when the original rationale is resolved by evidence, the Government resorts to extraneous matters.

#### II. Defendant's Caretaking Obligations Are Compelling Grounds for Termination

Congress vested courts with discretion to terminate supervision when "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Here, those factors strongly support termination.

Mr. Miller has:

- Fully complied with every condition of supervision;
- Maintained lawful, stable employment;
- Supported himself and his father without incident; and
- Assumed full-time caregiving responsibilities for his elderly, medically vulnerable father, whose condition is documented by a treating provider.

The interest of justice is not served by requiring continued supervision of a defendant who has demonstrated rehabilitation, stability, and extraordinary family responsibility.

### III. Entertainment Activity Is Irrelevant and Does Not Diminish Rehabilitation

The Government's reference to Mr. Miller's creative work as a comedian—whether performing as the "Joker" or otherwise—has no bearing on whether continued supervision is necessary to protect the public or deter misconduct. Artistic or comedic expression is constitutionally protected activity and does not indicate risk.

Courts have consistently held that successful reintegration into society includes maintaining gainful employment and engaging in community life. Mr. Miller's entertainment endeavors reflect initiative and reintegration, not danger or recidivism.

### IV. Early Termination Advances the Purposes of Supervision

Supervised release is not intended to be punitive; it is intended to facilitate rehabilitation and reintegration. Mr. Miller has achieved those goals. Continued supervision, in light of his record and his caretaking role, serves no rehabilitative or protective function.

## V. Conclusion

For the foregoing reasons, Defendant respectfully submits that early termination is both warranted by his conduct and in the interest of justice.

WHEREFORE, Defendant respectfully requests that this Court GRANT his Second Motion for Early Termination of Supervised Release and for such other relief as the Court deems just and proper.

**Respectfully submitted,**
THE COSTELLO LAW FIRM, P.A.
Attorney for the Defendant

/s/ Mark Costello
MARK COSTELLO, ESQ.
Florida Bar No. 127303