UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-CR-60067-SINGHAL

UNITED STATES OF AMERICA

v.

PAUL NICHOLAS MILLER,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR RECONSIDERATION AND RENEWED MOTION
TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

    The United States hereby responds to Defendant Paul Nicholas Miller's Motion for Reconsideration and Renewed Motion to Modify Conditions of Supervised Release (the "Motion"). DE 85.

    The undersigned conferred with his supervisors and the position of the government is that international travel while on supervised release is a privilege and not a right. *See, e.g.*, *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003) ("Like prisoners [. . .] parolees [. . .] have no right to control where they live in the United States; the right to travel is extinguished for the entire balance of their sentences."); *Turner v. United States*, 347 F. App'x 866, 869 (3d Cir. 2009) ("[T]o the extent [defendant] argues that such travel restrictions in general are unconstitutional [. . .] conditions of probation include restrictions on a defendant's right to travel."); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *4 (W.D.N.Y. June 10, 2013) ("The Court encourages [the defendant's] work to build his business. The rehabilitative value of such work is potentially substantial. Nevertheless, defendant has failed to show that his travel restriction is impeding his work.").

Indeed, "[w]hile the Sentencing Guidelines recognize that a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) (examining a challenge to mandated polygraph testing and limits to Internet usage while on supervised release).

Here, the government is not aware of circumstances preventing the Defendant from engaging in employment or film activities from within the United States and under the supervision of U.S. Probation. In addition, the government understands that if the Defendant is traveling outside the United States, U.S. Probation is limited in its ability to track or supervise the Defendant. Under these circumstances, the government opposes the Motion.

Date: December 12, 2025          Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   */s/ Anthony Espino Reynolds*
Anthony Espino Reynolds
Assistant United States Attorney
Florida Bar No. 118876
United States Attorney's Office
99 Northeast Fourth Street
Miami, FL 33132-2111
Telephone (305) 961-9389
Facsimile (305) 530-7976
Anthony.Reynolds@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Anthony Espino Reynolds*
Anthony Espino Reynolds
Assistant United States Attorney