UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-CR-60067-AHS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL NICHOLAS MILLER,

    Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND RENEWED MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Defendant, Paul Nicholas Miller, by and through undersigned counsel, respectfully replies to the Government's Opposition (DE 87) and states as follows:

### I. The Issue Before the Court Is Not a General "Right to Travel," But a Narrow Work-Related Modification

The Government frames the issue as whether international travel is a "right" or a "privilege." Defendant does not dispute that supervised release may lawfully restrict travel. That is **not** the question before the Court.

Rather, the issue is whether denying **narrow, verified, employment-specific international travel**, under stringent conditions proposed by Defendant, is **reasonably related** to the purposes of supervised release and involves **no greater deprivation of liberty than reasonably necessary**, as required by 18 U.S.C. § 3583(d) and § 3553(a).

Defendant does not seek unfettered travel, leisure travel, or discretionary travel. He seeks approval for a **time-limited, location-restricted, supervised work engagement**, with detailed safeguards voluntarily offered to address the Court's concerns.

### II. The Government's Cited Cases Are Inapposite

The cases cited by the Government address **broad or categorical travel restrictions**, not targeted employment-based modifications supported by specific facts and safeguards.

- *Williams v. Wisconsin* and *Turner v. United States* stand for the uncontroversial proposition that courts may restrict travel during supervision. Defendant does not argue otherwise.
- *United States v. Black* involved a defendant who failed to demonstrate that travel restrictions impeded his work. Here, by contrast, Defendant has demonstrated that the requested travel is **integral to the specific production for which he was retained**, not merely convenient or preferential.

The Government does not dispute that the requested travel is for **actual employment**, nor does it contend that the work could be performed remotely or replicated domestically in a comparable manner. Instead, the Government argues categorically that supervision is easier within the United States. That argument, if accepted, would effectively bar **all international employment during supervised release**, a result not supported by statute or case law.

**III. The Requested Modification Advances — Rather Than Undermines — the Purposes of Supervised Release**

Supervised release is intended to promote rehabilitation, lawful employment, and reintegration into society. See *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Here:

- Defendant seeks to engage in **lawful, compensated employment**;
- The work is **time-limited and structured**;
- Defendant has proposed **significant safeguards**, including:
    - Geographic limitation to Tallinn, Estonia;

- Restriction to a closed production set, designated lodging, and pre-approved professional meeting locations;
- Advance itinerary submission;
- Probation oversight;
- Prohibitions on livestreaming outside the set;
- Immediate return upon completion.

These conditions directly address the Government's supervision concerns and ensure that the modification is **narrowly tailored**, not permissive.

## IV. Denial Based Solely on Geographic Supervision Concerns Is Overbroad

The Government asserts that U.S. Probation has "limited ability" to supervise a defendant abroad. Defendant has acknowledged that concern and responded by proposing **structural controls** that substantially mitigate it.

Supervision during international travel is not binary. Courts routinely approve international travel during supervised release when appropriate conditions are imposed. The Government's position would convert supervision convenience into an absolute bar, contrary to the individualized assessment required under § 3583(d).

## V. This Motion Seeks a Work Accommodation, Not a Rewriting of Supervision

Finally, Defendant reiterates that this renewed motion does **not** seek to alter any previously discussed or non-objected conditions, including Defendant's ability to travel domestically to care for his father or to engage in lawful employment within the United States.

The sole purpose of this motion is to permit a **specific, verified work engagement** under conditions designed to satisfy the Court's supervisory and public-safety concerns.

**CONCLUSION**

This case does not turn on whether international travel is a "right." It turns on whether denying narrowly tailored, employment-specific travel — supported by sworn declarations and robust safeguards — is necessary to serve the purposes of supervised release.

For the foregoing reasons, Defendant respectfully requests that the Court grant reconsideration and approve the limited modification requested, or grant such other relief as the Court deems just and proper.

12/12/2025

**Respectfully submitted,**
THE COSTELLO LAW FIRM, P.A.
Attorney for the Defendant

/s/ Mark Costello
MARK COSTELLO, ESQ.
Florida Bar No. 127303